UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY S. FELD, ESQ., THE FOUR FELDS, INC. d/b/a L. EPSTEIN HARDWARE CO., AND REASONABLE LOCK & SAFE CO., INC., <br><br> **Plaintiffs,** <br><br> v. <br><br> THE CITY OF NEWARK, WEEQUAHIC PRESERVATION, LLC, *et al.*, <br><br> **Defendants.** | Civil Action No. 19-12428 (ES) <br><br><br> **REPORT AND RECOMMENDATION** |

**FALK, U.S.M.J.**

Before the Court is a prolix *pro se* Complaint filed by an attorney proceeding on his own behalf and on the behalf of a company he controls. The pleading contains 8 counts, runs 69 pages, contains 500 paragraphs, and lists 18 defendants. At its core, Plaintiffs describe their Complaint as a prerogative writ/declaratory judgment action involving the application of certain tax-related statutes in the City of Newark and throughout Essex County.

The action was filed in New Jersey Superior Court on April 8, 2019. On May 10, 2019, 4 of 18 defendants filed a Notice of Removal, removing the case to this Court. Now pending is a motion by Plaintiffs to remand the case to state court, based on a procedural defect in the removal process – a violation of the rule of unanimity. [ECF No.

14.] The motion is opposed. No oral argument is needed. Fed. R. Civ. P. 78(b). For the reasons expressed below, it is respectfully recommended that the motion to remand be **GRANTED**.

## RELEVANT FACTS

The Complaint is a convoluted pleading that runs in many directions. The factual and procedural history is not set forth in a completely understandable way. Fortunately, resolution of the motion to remand does not require discussion of the nature of the case or a review of the complicated allegations and history involving these parties, which apparently spans years and includes other cases. Indeed, the motion to remand is quite basic and easily dispatched based on the procedural requirements for removal – which clearly have not been met in this case.

There are 2 plaintiffs named in the case: (1) Jeffrey S. Feld, Esq.; and (2) The Four Felds, Inc., d/b/a L. Epstein Hardware Co. and Reasonable Lock & Safe Co., Inc.

From what the Court can discern, there are 18 named defendants: (1) The City of Newark; (2) Weequahic Preservation, LLC; (3) Newark Mayor Ras J. Baraka; (4) the City of Newark City Council; (5) Newark City Clerk Kenneth Louis; (6) Newark Corporation Counsel, Kenyatta K. Stewart, Esq.; (7) Newark Business Administrator Eric S. Pennington; (8) Newark Director of Economic and Housing Development John Palmieri; (9) Newark Director of Finance Danielle Smith; (10) Newark Division of Tax Abatement and Special Taxes Manager Juanita M. Jordan; (11) Newark Tax Assessor Aaron Wilson, Esq.; (12) The County of Essex; (13) Essex County Executive Joseph N. DiVincenzo, Jr.; (14) The Essex County Board of Chosen Freeholders; (15) Attorney

General of New Jersey Gurbir S. Grewal; (16) The New Jersey Housing Mortgage Finance Agency; (17) The New Jersey Division of Local Government Services; and (18) The New Jersey Office of Local Planning Services.

On May 10, 2019, the State Defendants (comprised of Defendants 15 through 18 above) removed the case to this Court, based on the presence of Count 8, which alleges a violation of 42 U.S.C. § 1983. The remaining 14 defendants did not join in the notice of removal. Indeed, the State Defendants made clear that they did not know whether the remaining Defendants consented to removal:

> Pursuant to 28 U.S.C. § 1446, the State Defendants reached out to all served co-Defendants, and as of today, <u>have not received consent or objection to our removal request</u>.

(Notice of Removal, ¶ 8) (emphasis added).

This paragraph concedes that additional defendants were: (1) served; and (2) had not consented or joined in removal.

On June 7, 2019, within 30 days of removal, Plaintiffs filed a motion to remand, arguing that Defendants had failed to comply with the "rule of unanimity" – shorthand for the requirement that, with certain exceptions not argued here, all defendants join in the notice of removal. Plaintiffs specifically identified "the County of Essex related defendants . . . [and] Weequahic Preservation LLC . . ." as not having joined in removal. On this basis, Plaintiffs contend remand is required.

On June 17, 2019, the State Defendants filed opposition to the motion to remand. Their argument seems to be that the additional defendants did not have to affirmatively join in or consent to removal, but rather that so long as no objection to removal was filed,

3

removal is appropriate and there is no basis to remand. As is discussed below, that is not the law.

## **REMOVAL LAW**

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). To properly remove a case from state court to federal court, a notice of removal must be filed in the federal court within thirty days after receipt, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). In addition, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

The well-established requirement that all defendants are required to join in the notice of removal is referred to as "the rule of unanimity." *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995).[1] The rule of unanimity requires that all defendants "join in the notice of removal or give their consent within the thirty-day period for the removal to be proper." *New York Reg'l Rail Corp. v. Bridges*, 2006 WL 1722631, at *3 (D.N.J.

---

[1] There are three exceptions to the rule of unanimity: (1) when the non-joining defendant or defendants are unknown or nominal parties; (2) where a defendant has been fraudulently joined; or (3) when a non-resident defendant has not been served at the time of removal. *Balazik*, 44 F.3d at 213 n.4. These exceptions are not argued by the party with the burden of proof on removal – Defendants – and thus are not at issue in this motion.

4

June 30, 2006). In establishing consent or joinder in removal, "one defendant may not speak for another defendant . . ." *Alejandro v. Phila. Vision Ctr.*, 271 F. Supp. 2d 759, 762 (E.D. Pa. 2017). Nor may consent "be established by attaching a letter of consent from one defendant to another defendant's notice of removal . . ." *Id.* And consent is never "inferred," but must be written and express. *See Zelma v. Toyota Fin. Servs. Americas Corp.*, 2013 WL 6858965, at *4 (D.N.J. Dec. 23, 2013) (Dickson, U.S.M.J., *report and recommendation*, adopted by Salas, U.S.D.J.). The rule of unanimity applies even if there are a large number of defendants. *See, e.g.*, *Pinnacle v. Silverstein*, 2008 WL 2003759 (D.N.J. May 6, 2008) (unanimity rule applied to 31 defendant case). In short, "all defendants must 'expressly, officially, and unambiguously consent to join in a notice of removal to federal court.'" *Id.* (quoting *McGuire v. Safeware, Inc.*, 2013 WL 5272767, at *3 (E.D. Pa. Sept. 17, 2013)).

Motions to remand based on defects in the removal procedure must be filed within thirty days of the filing of the notice of removal. *See* 28 U.S.C. § 1447(c). On a motion to remand, the removing party bears the burden of proving that jurisdiction is proper in federal court. *Samuel-Bassett v. Kia Motors Corp.*, 357 F.3d 392, 396 (3d Cir. 2004). Removal statutes are to be strictly construed against removal and all doubts are resolved in favor of remand. *Id.*

## **RECOMMENDATION**

It is respectfully recommended that this case be remanded to state court. The procedural requirements for removal are facially not met in this case. The case was removed by only 4 of 18 defendants. In removing the case, the State Defendants

admitted that they "reached out to all served co-Defendants, and as of today, have not received consent or objection to our removal request." (Notice of Removal, ¶ 8.) The remaining defendants did not provide consent or join in removal at the time the Notice of Removal was filed. Moreover, to this date, the Court has not received unambiguous, written consent from the non-joining parties – as is plainly required by the removal law cited above. *See, e.g.*, *Alejandro*, 271 F. Supp. 2d at 762. Despite this, Defendants attempt to argue that because none of their co-defendants have "objected" to removal that should equate to consent. Not so. The case law above makes abundantly clear that affirmative consent is required. There is no inferred consent. *See Zelma*, 2013 WL 6858965, at *4. As a result, the removal of this case was improper and violates the rule of unanimity. As a consequence, remand is required.[2]

---

[2] Plaintiffs also make limited arguments seeking an award of fees. 28 U.S.C. § 1447(c) provides, in relevant part, that an "order remanding the case may require the payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, although the Court agrees that remand is required, the circumstances do not warrant an award of costs. There is plainly a federal claim in the complaint, and the only basis for remand is a procedural defect. Procedural mistakes, like those present here, will rarely warrant an award of costs. *See Bauer v. Glatzner*, 2007 WL 4440213, at *3 (D.N.J. Dec. 17, 2007) ("The basis for Defendant['s] removal to the Court is not rendered unreasonable simply because Defendant . . . did not comply with the procedural requirements of 28 U.S.C. § 1446(b)."). As such, the Court declines to recommend an award of costs and fees.

## **CONCLUSION**

For the reasons above, it is respectfully recommended that Plaintiffs' motion to remand [ECF No. 14] be **GRANTED**.

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**DATED: July 23, 2019**