UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

February 11, 2020

## LETTER ORDER

Re: *Feld, et al. v. The City of Newark., et al.*
     **Civil Action No. 19-12428 (ES) (MF)**

Dear Counsel:

On May 10, 2019, some, but not all, named defendants removed the present action to this Court from the New Jersey Superior Court, Essex County. (D.E. No. 1). The removing defendants include the Attorney General of New Jersey, Gurbir S. Grewal; the New Jersey Housing Mortgage Finance Agency; the New Jersey Division of Local Government Services; and the New Jersey Office of Local Planning Services (collectively, the "State Defendants"). On June 7, 2019, plaintiffs Jeffrey S. Feld; The Four Felds, Inc., doing business as L. Epstein Hardware Co.; and Reasonable Lock & Safe Co. (collectively, "Plaintiffs")[1] moved to remand this action to the Superior Court of New Jersey and asked the Court to impose deterrent monetary sanctions on the State Defendants. (D.E. Nos. 14 & 14-1). The State Defendants opposed the motion (D.E. No. 22), and Plaintiffs filed a reply in support of their motion (D.E. No. 24).

On July 23, 2019, the Honorable Mark Falk, United States Magistrate Judge, issued a Report and Recommendation, recommending that the Court grant Plaintiffs' motion to remand on the grounds that Defendants failed to comply with the rule of unanimity, which requires that all defendants join in the notice of removal. (R&R at 5–6). Magistrate Judge Falk declined to recommend an award of costs and fees. (*Id.* at 6). The parties had fourteen days to file and serve objections to the R&R. On July 25, 2019, Plaintiffs filed "limited objections" to the R&R; specifically, "Plaintiffs do not object to the ultimate remand relief granted," but "object to the denial of any monetary deterrent . . . sanctions against the [State Defendants]," and seek to clarify and correct the record on various issues. (Objections at 1).[2] Defendants filed a response to

---

[1] In his Report and Recommendation, Magistrate Judge Falk states that "[t]here are two plaintiffs named in the case: (1) Jeffrey S. Feld, Esq.; and (2) The Four Felds, Inc., d/b/a L. Epstein Hardware Co. and Reasonable Lock & Safe Co., Inc." (D.E. No. 32 ("R&R") at 2). The docket sheet for this case appears to apply the same grouping of plaintiffs, but Plaintiffs take issue with this grouping and submit that there are three distinct plaintiffs in this action. (D.E. No. 33 ("Objections") at 2). Given the disposition of this case, this issue is one that can be dealt with on remand.

[2] Plaintiffs "request that the record be clarified" as to seven issues outlined in their Objections. (Objections at 1–3). The first issue deals with the number of plaintiffs, as described in footnote one of this Opinion. (*Id.* at 2). The second, third, fifth, sixth, and seventh issues appear to be additional arguments addressing the propriety of sanctions (*id.* at 2–3), and those points are addressed in the Court's *de novo* review below. Finally, the fourth issue simply states

Plaintiffs' objections requesting that this Court "accept Judge Falk's Report and Recommendations in full." (D.E. No. 34 at 4).

Having reviewed the parties' submissions and Magistrate Judge Falk's recommendation regarding remand, and there being no objections to that portion of the R&R, the Court adopts the recommendation to remand this case to the Superior Court of New Jersey. With respect to Plaintiffs' objections to the denial of any monetary deterrent sanctions, the Court will conduct a *de novo* review. *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) ("When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects.").

Plaintiffs ask this Court to impose deterrent monetary sanctions on the State Defendants pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Essentially, Plaintiffs argue that Defendants must have known about the rule of unanimity, and thus, their attempt at removal without the consent of all defendants was "outrageous and unconscionable" and was simply an attempt to "hinder and delay adjudication." (Objections at 2–3; *see also* D.E. No. 14-1 at 18–19).

As the Supreme Court has explained, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, (2005). The decision to award fees and costs is a matter within the Court's discretion. *Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 467 (D.N.J. 2013).

In the present case, the State Defendants had an objectively reasonable basis for removal, due to the presence of a federal claim in the Complaint. Despite their objectively reasonable basis for removal, the State Defendants failed to follow the rule of unanimity; as a result, the removal is procedurally deficient, and the case should be remanded. But such a procedural defect alone is not typically grounds to impose costs under 28 U.S.C. § 1447(c). *See Saterstad v. Stover*, 249 F. App'x 955, 956 (3d Cir. 2007) (affirming district court's determination that appellant was not entitled to costs under section 1447(c) and finding it significant that "the District Court did not dismiss for lack of subject matter jurisdiction but rather for a procedural defect"); *Schoonmaker v. Holland*, No. 13-683, 2013 WL 5300592, at *4 (D.N.J. Sept. 17, 2013) (declining to award fees and costs where plaintiff failed to obtain consent from all defendants and where "removal was reasonable based on the federal claims that would have been properly removed if it were not for the procedural defect."). And the Court sees no other "unusual circumstances" that warrant the relief request.[3] *Martin*, 546 U.S. at 136.

---

that "the original magistrate recused himself from this matter once plaintiffs advised the Court of his prior employment relationship with the City of Newark's counsel in this matter." (*Id.* at 2). Magistrate Judge Mannion's recusal from this matter is evident from the docket in this case, and no further clarification is necessary. (*See* D.E. No. 23).

[3] Plaintiffs explain that they seek remand on two alternative theories—the rule of unanimity and "judicial federalism abstention." (Objections at 2). Because the Court concludes that remand is warranted based on the rule of unanimity, it does not address any other grounds for remand. Nevertheless, Plaintiffs argue that the presence of

Accordingly, IT IS on this 11th day of February 2020,

**ORDERED** that this Court ADOPTS Magistrate Judge Falk's R&R in full; and it is further

**ORDERED** that the Clerk of Court shall TERMINATE docket entry numbers 14 and 32; and it is further

**ORDERED** that this case is REMANDED to the New Jersey Superior Court, Essex County.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

additional grounds for remand is cause for sanctions. (Objections at 2). *Even if* judicial abstention is warranted, the Court disagrees that sanctions should be imposed. *See Combs v. Kwasnik*, No. 11-6212, 2012 WL 2513987, at *6 (D.N.J. June 27, 2012) ("Therefore, while this matter must be remanded based on mandatory abstention . . . it cannot be said that removal was objectively unreasonable.").